United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Jason J. Sanders,                                    Case No. 07-40258-R
            Debtor.                      Chapter 13
_____/

Opinion Regarding Trustee's Objection to Confirmation

This matter is before the Court on the trustee's objection to confirmation of the debtor's proposed chapter 13 plan. This opinion supplements the Court's bench decision confirming the plan but denying the debtor's discharge pursuant to 11 U.S.C. § 1328(f)(1).

I.

The debtor filed for chapter 7 relief on July 29, 2002. A chapter 7 discharge was granted on February 5, 2003.

On January 5, 2007, the debtor filed the present case under chapter 13. The trustee filed an objection to confirmation of the chapter 13 plan. A confirmation hearing was held on March 28, 2007, at which time the plan was confirmed but the debtor was denied a discharge.

The trustee contends that the debtor is not entitled to a discharge in this case because he received a chapter 7 discharge within four years before the present case was filed. The trustee asserts that the four year period of 11 U.S.C. § 1328(f)(1) began when the discharge was granted in the prior chapter 7 case. Because this chapter 13 case was filed within that four year time period under § 1328(f)(1), the trustee argues that the debtor is not entitled to a discharge.

The debtor asserts that the four year time period in § 1328(f)(1) began when his first case was

filed. Because the debtor filed this chapter 13 case more than four years after he filed his chapter 7 case, the debtor argues that § 1328(f)(1) does not apply and that he is entitled to a discharge.

II.

With the enactment of BAPCPA in 2005, 11 U.S.C. § 1328 was amended to add subsection (f). That subsection provides:

> [T]he court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge-
>
> > (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> >
> > (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f).

The starting point to determine any issue of statutory construction is the statutory language itself. *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, 113 S. Ct. 2151, 2157 (1993). The Court is required to apply the plain meaning of the statute when the language is clear. Only if the statutory language is ambiguous may the Court look to extrinsic aids in an effort to discern what Congress intended when it enacted the provision. *Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.)*, 203 F.3d 986, 988-89 (6th Cir. 2000).

The question before the Court is what language is modified by the statutory phrase "during the 4-year period preceding the date of the order for relief under this chapter . . . ." If that phrase modifies the language "in a case filed under chapter 7 . . .," as the debtor contends, then the look back

period of § 1328(f)(1) begins on the date that the debtor filed his chapter 7 case. If, however, that phrase modifies the language "the debtor has received a discharge . . . ," as the trustee asserts, the look back period begins on the date that the debtor received his chapter 7 discharge.

In *In re Graves*, 2007 WL 1075108 (Bankr. D. Md. Jan. 19, 2007), the court addressed this issue, but under § 1328(f)(2). The debtors filed a chapter 13 case on January 4, 1999 and received a discharge on June 16, 2004. They then filed a second chapter 13 case on February 7, 2006. The trustee argued that the debtors were not entitled to a discharge because they received a discharge in their prior chapter 13 case within two years of filing the second chapter 13 case. The debtors asserted that the look back period ran from filing date to filing date. The court concluded that the plain meaning rule applied and adopted the filing date to filing date interpretation, finding that the debtors' interpretation gave "effect to the logical sequence of the language used." *Id*. at * 3.

In *In re West*, 352 B.R. 482 (Bankr. E.D. Ark. 2006), the debtor filed a chapter 13 case on November 29, 2001 and received a discharge on March 22, 2005. The debtor filed a second chapter 13 case on April 5, 2006. The parties' arguments were similar to those argued in the present case and in *Graves*. The court concluded that a plain reading of the statute supported the "filing date to filing date" interpretation. The court went on to review the legislative history and found that the legislative history also supported a "plain language interpretation." *Id*. at 487.

While a statute is not ambiguous merely because it is awkward or ungrammatical, *Lamie v.U.S. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030 (2004), a statute is ambiguous if it is susceptible to two or more reasonable interpretations or accepted meanings. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 519 (5th Cir. 2004); *Staiano v. Cain* (*In re Lan Assocs. XI, L.P.*), 192 F.3d 109, 116 (3d Cir. 1999). Considering the statutory language and the parties' arguments regarding the

3

proper interpretation of that language, this Court concludes that the language of § 1328(f) is not sufficiently clear to permit the application of the plain meaning rule. The parties have proposed alternative, yet equally plausible, interpretations of the statute. The Court must conclude that the language of § 1328(f) is therefore ambiguous. Despite the obvious preference for applying the plain meaning rule, it is simply impossible to determine which interpretation Congress intended without looking beyond the language of the statute.

After examining the language of the statute, the next step in determining Congressional intent is to examine the legislative history. The legislative history states that BAPCPA

> amends section 1328 to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case.

H.R. Rep. No. 109-31(I) (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 143, 2005 WL 832198, at *76 (2005).

Unfortunately, this legislative history is itself ambiguous and thus offers no help. The first sentence of the legislative history relates to § 1328(f)(1) and appears to support the trustee's interpretation that the time period to be measured runs from discharge date in the first case to the filing date of the second case  The second sentence applies to § 1328(f)(2) and lends support to the debtor's assertion that the time period runs from filing date to filing date. A basic rule of statutory construction is that "phrases within a single statutory section be accorded a consistent meaning." *First City Bank v. Nat'l Credit Union Admin. Bd.*, 111 F.3d 433, 438 (6th Cir. 1997). Thus, the

4

Court must look elsewhere for guidance. The Court will next look to the language of the statute in light of its intended purpose.

When Congress enacted § 1328(f), it clearly sought to "extend the time periods within which a debtor could receive a subsequent discharge . . . ." *McDow v. Sours* (*In re Sours*), 350 B.R. 261, 268 (Bankr. E.D. Va. 2006). More to the point, Congress sought to eliminate so called "chapter 20" and "chapter 26 filings." The court in *In re Grydzuk*, 353 B.R. 564 (Bankr. N.D. Ind. 2006), offered the following perspective on the purpose of § 1328(f):

> [O]ne of the perceived "evils" of pre-BAPCPA law . . . was the infidel concept of a "20," i.e. the filing of a Chapter 7 to eliminate debts which might be discharged under 11 U.S.C. § 727(a), coupled with the post-discharge filing of a Chapter 13 which could then deal with the debts that were not so discharged and which could not be affected by a Chapter 7 case. A "26" (back to back Chapter 13 cases) was less anathema than was a "20," and a "25" (Chapter 12 followed by Chapter 13) and a "24" (Chapter 11 followed by Chapter 13) were slightly less a worry than was a "20," if only because they didn't happen much. It is this perceived "evil" that 11 U.S.C. § 1328(f)(1) was clearly designed to address. The discharge in Chapter 11 and Chapter 12 cases for an individual mirrors the discharge provided by Chapter 7, and it is clearly the primary intent of § 1328(f)(1) to preclude the filing of a "20," a "24" and a "25" for a more extended period of time than a "26."

*Id*. at 568. *See also In re Hennerman*, 351 B.R. 143, 155 n.35 (Bankr. D. Colo. 2006) (Section 1328(f) curtailed a debtor's ability to file and prosecute chapter 20 and chapter 26 cases).

It is clear enough that when Congress enacted BAPCPA, it did so for the purpose of providing greater protection to creditors. In that context, the better interpretation of § 1328(f) is one in which creditors are afforded greater protection under § 1328(f) than they were previously afforded under the pre-BAPCPA Code. Thus, the Court concludes that § 1328(f) was enacted for the purpose

of extending the time period after which a debtor could receive a subsequent discharge in a chapter 13 case, in order to better protect creditors. Having identified the purpose of § 1328(f), it is left to the Court to determine which interpretation better advances that goal.

There is a major practical problem with the debtor's interpretation. Under that interpretation, the debtor's discharge in a subsequent chapter 13 case would only be denied under § 1328(f)(2) if the debtor received a discharge during that two year period and then filed another chapter 13 case. Although this is not impossible, experience suggests that it is rare for a debtor to receive a discharge within two years of filing for chapter 13 relief. *See, e.g., West*, 352 B.R. at 486 (Section 1328(f) "ignore[s] the realization that debtors who filed for Chapter 13 relief within two years of filing another case are unlikely to have obtained a discharge in that prior case." (quoting William Houston Brown, *Taking Exception to a Debtor's Discharge: The 2005 Bankruptcy Amendments Make it Easier*, 79 Am. Bankr. L.J. 419, 449 (2005))). Even more unlikely is that the same debtor would then file a second chapter 13 case within that two year period. It is thus highly unlikely that Congress was so concerned about that scenario that it intended § 1328(f)(2) to be interpreted as the debtor contends.

The court in *Graves* observed that many chapter 13 plans are simply "variations of so-called refinance or sale plans." *In re Graves*, 2007 WL 1075108, at * 7. Under those plans, the debtor refinances or sells a residence in order to pay the debtor's debts and to avoid making the "full-term monthly payments required under the confirmed plan." *Id*. In those situations the debtor could conceivably file and obtain a discharge within a two year period and thus be barred from a later chapter 13 discharge. However, the *Graves* opinion exposes the deeper deficiency in the debtor's argument. In a chapter 13 case where the debtor is discharged within two years of filing, § 1325(b)

6

would almost certainly require the debtor to have paid a 100% dividend to creditors before a discharge would be granted. It is in precisely those cases where a creditor would not merit or need any additional protection in the event of a subsequent chapter 13 case. Preventing this group of debtors from obtaining a second discharge under § 1328(f)(2) does nothing to advance the purpose of § 1328(f) or of BAPCPA as a whole.

To conclude that Congress sought to deny a discharge to a very small group of debtors who have paid their debts in full, while allowing a subsequent discharge to the vast majority of debtors who may not have paid their debts, is absurd and impractical. The Court is not required to ignore common sense when interpreting an ambiguous statute. *Buckley v. Valeo*, 424 U.S. 1, 77, 96 S. Ct. 612, 662 (1976).

This Court recognizes that the court in *Graves* concluded that the filing date to filing date interpretation was the better approach in part because it allowed a reading of the statute where each subsequent clause modified the immediately preceding clause. *In re Graves*, 2007 WL 1075108, at *3. That result is consistent with the well-known rule of statutory construction that a modifying phrase or clause is to be applied to the immediately preceding phrase, and is not extended to more remote phrases, unless the subject matter or dominant purpose of the statute requires a different interpretation. *United States v. Martin*, 438 F.3d 621, 631 (6th Cir. 2006); *Bingham, Ltd. v. United States*, 724 F.2d 921, 926 n. 3 (11th Cir. 1984). "Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent." 2A Norman J. Singer, Sutherland Statutory Construction § 47.33, at 372 (6th ed. 2000). However, this Court concludes that because the dominant purpose of the statute requires otherwise, the Court must decline to apply that rule of

construction.

Finally, the Court must reject the debtor's argument that the trustee's interpretation renders the phrase "filed under" devoid of meaning. That phrase simply designates the chapter under which the debtor sought relief. Each word in a statute must have meaning and must be read in a manner that does not render "other provisions of the same statute inconsistent, meaningless or superfluous." *Menuskin v. Williams*, 145 F.3d 755, 768 (6th Cir. 1998) (citations and internal quotation marks omitted). The debtor's interpretation is nonsensical and effectively nullifies § 1328(f)(2).

The Court concludes that only the trustee's interpretation gives logical effect to the entire provision. Because the look back period under § 1328(f)(2) must begin with the entry of the discharge and not the filing of the prior case, the structure of § 1328(f) demands the same result under 1328(f)(1).

The debtor received his chapter 7 discharge on February 5, 2003. He filed his chapter 13 case on January 5, 2007. Because his chapter 13 filing was within four years of his chapter 7 discharge, he is not entitled to a discharge in this case. 11 U.S.C. § 1328(f)(1). Nevertheless, there is no reason for this result to preclude confirmation of the debtor's plan if it is otherwise confirmable. *Baxter v. Lewis* (*In re Lewis*), 339 B.R. 814 (Bankr. S.D. Ga. 2006); *In re McGehee*, 342 B.R. 256 (Bankr. W.D. Ky. 2006); *Branigan v. Khan* (*In re Khan*), 2006 WL 3716036 (D. Md. Dec. 14, 2006). Accordingly, the trustee's objection to confirmation is overruled and the debtor's discharge is denied.

For Publication

**Signed on May 18, 2007**

                                                        **/s/ Steven Rhodes**

**Steven Rhodes**
**Chief Bankruptcy Judge**